FILED
2023 JUL 27 PM 4: 22
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____CR_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Randall Kelton, Kara Bell § <br> *Plaintiffs* § <br> VERSUS § <br> Nordstrom Inc. (d.b.a. § <br> Nordstrom Rack), Kelsie § <br> Fucci, Nathan Hecht, Jose § <br> Garza, Rob Stuart § <br> Drummond, Sharon Keller, § <br> Barbara Hervey, Bert § <br> Richardson, Kevin Yeary, § <br> David Newell, Mary Lou § <br> Keel, Scott Walker, Michelle § <br> Slaughter, Jesse F. McClure § <br> III, Megan LaVoie, Thea § <br> Whalen, Deadra Stark, Kelly § <br> Damphouse, Nathan § <br> Cradduck, Gail Bell, § <br> Travis County Sheriff § <br> Deputy Name Unknown, § <br> Sally Hernandez, Lenn § <br> Carter, Robert Eller, Crystal § <br> Gill, Marc Bruner, Kenton § <br> Johnson, Barbara Boulware- <br> Wells, Jeff Ulmann, Sam <br> Bassett, Sara Donovan <br> *Defendants* | CIVIL ACTION 1:23-cv-00395 |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANT GAIL BELL'S MOTION TO DISMISS

Now comes Plaintiffs Randall Kelton and Kara Bell and moves the court to deny Defendant's Motion to Dismiss for cause as shown:

# 1  CLAIM CLEARLY STATED

Defendant's Rule 12 Motion to Dismiss reads more like an answer as Defendant attempts to adjudicate the case in the motion. Defendant spends 30 pages arguing the merits of the case and little time addressing the Rule 12 issue.

## 1.1  STANDARD OF REVIEW

### 1.1.1  Rule 8

Under Rule 8, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Id.

Simple, concise, and direct is relative to the nature of the complaint filed. Plaintiff's Petition is over 150 pages but then, Plaintiff is alleging a statewide and long running set of complex practices and procedures. Each individual allegation is presented as concisely as Plaintiffs were able, however, when all the alleged acts were stitched together, the document grew considerably.

To survive a motion to dismiss,

> "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (quoting *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly, 550 U.S. at 556*).

### 1.1.2  Space Sacrificed for Readability

Plaintiff has numbered and labeled each paragraph to assist the reader in maintaining the thread of this complex presentation. Plaintiff has also attempted to quote references made to cases and statutes to assist the reader in mental flow. All

citations are hyperlinked as much for readability as for reference as it lends organization to the text. This style of formatting somewhat increased the page count of the document without actually increasing the word count. It was a sacrifice Plaintiffs made toward clarity.

### 1.1.3 Rule 12

A complaint must be dismissed if the court lacks subject matter jurisdiction over the plaintiff's claim, FED. R. CIV. P. 12(b)(1), or if the plaintiff fails to state a claim upon which relief may be granted, FED. R. CIV. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as under Rule 12(b)(6). See Home Builders Assoc. of Mississippi, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998). To avoid dismissal, a plaintiff must plead sufficient facts to

> "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## 1.2   RELEVANT FACTS PLEAD

In accordance with the conditions of a Rule 12 motion, Plaintiff alleged facts relevant to the case as follows:

### 1.2.1 Warrantless Arrest

Plaintiffs plead that Plaintiff Bell was arrested by Defendants Eller and Gill under the authority of Texas Code of Criminal Procedure 14.06(a) which reads as follows:

> *Art. 14.06. MUST TAKE OFFENDER BEFORE MAGISTRATE.* (a) *Except as otherwise provided by this article, in each case enumerated in this Code, the person making the arrest or the person having custody of the person arrested shall take the person arrested or have him taken without unnecessary delay, but not later than 48 hours after the person is arrested, before the magistrate who may have ordered the arrest, before some magistrate of the county where the arrest was*

> *made without an order, or, to provide more expeditiously to the person arrested the warnings described by Article 15.17 of this Code, before a magistrate in any other county of this state. The magistrate shall immediately perform the duties described in Article 15.17 of this Code.*

### 1.2.2  Release on Promise to Appear

Defendants Eller and Gill then released Plaintiff Bell on a promise to appear before a magistrate in accordance with Texas Code of Criminal Procedure 14.06(b)(1) which reads as follows:

> *(b)  A peace officer who is charging a person, including a child, with committing an offense that is a Class C misdemeanor, other than an offense under Section 49.02, Penal Code, may, instead of taking the person before a magistrate, issue a citation to the person that contains:*
>
> > *(1)  written notice of the time and place the person must appear before a magistrate;*

The court will take notice, while Defendants Eller and Gill had authority to release Plaintiff Bell on a promise to appear, the promise to appear was before a magistrate.

### 1.2.3  Examining Court

By the above, Plaintiff promised to appear before a magistrate. Under Texas law, when an accused appears before a magistrate relative to a criminal allegation, the magistrate only has authority to convene an examining court under Texas Code of Criminal Procedure 2.11 which reads as follows:

> *Art. 2.11. EXAMINING COURT. When the magistrate sits for the purpose of inquiring into a criminal accusation against any person, this is called an examining court.*

### 1.3  EXAMINING TRIAL

Plaintiffs plead that Plaintiff Bell appeared at the time and place indicated on the promise to appear. At said appearance, the magistrate had a duty to convene an examining trial under Texas Code of Criminal Procedure Chapter 16.

At the conclusion of the above examining trial, the magistrate was commanded by Texas Code of Criminal Procedure 16.17 to issue an order as follows:

> *Art. 16.17. DECISION OF JUDGE. After the examining trial has been had, the judge shall make an order committing the defendant to the jail of the proper county, discharging him or admitting him to bail, as the law and facts of the case may require. Failure of the judge to make or enter an order within 48 hours after the examining trial has been completed operates as a finding of no probable cause and the accused shall be discharged.*

### 1.3.1  Forward to the Clerk

The magistrate, in the above circumstances was ordered to seal all documents had in the hearing, cause his name to be written across the seal of the envelope and forward the envelope to the clerk in accordance with Texas Code of Criminal Procedure 17.30 which reads as follows:

> *Art. 17.30. SHALL CERTIFY PROCEEDINGS. The magistrate, before whom an examination has taken place upon a criminal accusation, shall certify to all the proceedings had before him, as well as where he discharges, holds to bail or commits, and transmit them, sealed up, to the court before which the defendant may be tried, writing his name across the seals of the envelope. The voluntary statement of the defendant, the testimony, bail bonds, and every other proceeding in the case, shall be thus delivered to the clerk of the proper court, without delay.*

### 1.3.2  Duty of Clerk

On receipt of the above, the clerk was commanded to forward the complaint to the Grand Jury in accordance with Texas Code of Criminal Procedure 17.31 which reads as follows:

> *Art. 17.31. DUTY OF CLERKS WHO RECEIVE SUCH PROCEEDINGS. If the proceedings be delivered to a district clerk, he shall keep them safely and deliver the same to the next grand jury. If the proceedings are delivered to a county clerk, he shall without delay deliver them to the district or county attorney of his county.*

### 1.3.3  Grand Jury Proceedings

The Grand Jury, in its turn was required to examine into all crimes brought before it in accordance with Texas Code of Criminal Procedure 20A.051 which reads as follows:

> *Art. 20A.051. DUTIES OF GRAND JURY. The grand jury shall inquire into all offenses subject to indictment of which any grand juror may have knowledge or of which the grand jury is informed by the attorney representing the state or by any other credible person.*

### 1.3.4 Misdemeanor Indictments

The Grand Jury is commanded to inquire into all misdemeanors by <u>Texas Constitution Article 5 Section 17</u> which reads as follows:

> <u>Sec. 17.  COUNTY COURT: TERMS, PROSECUTIONS, AND JURIES.</u>  *The County Court shall hold terms as provided by law.  Prosecutions may be commenced in said court by information filed by the county attorney, or by affidavit, as may be provided by law.  Grand juries empaneled in the District Courts shall inquire into misdemeanors, and all indictments therefor returned into the District Courts shall forthwith be certified to the County Courts or other inferior courts, having jurisdiction to try them for trial; and if such indictment be quashed in the County, or other inferior court, the person charged, shall not be discharged if there is probable cause of guilt, but may be held by such court or magistrate to answer an information or affidavit.  A jury in the County Court shall consist of six persons; but no jury shall be empaneled to try a civil case unless demanded by one of the parties, who shall pay such jury fee therefor, in advance, as may be prescribed by law, unless the party makes affidavit that the party is unable to pay the jury fee.*  **(emphasis added)**

**1.4   INCONTROVERTIBLE FACTS**

An examination of the public records of the court will show that, neither an order issued under <u>Texas Code of Criminal Procedure 16.17</u> nor an indictment under <u>Texas Constitution Article 5 Section 17</u> appear in the records of the court.

### 1.4.1 Pattern of Conduct

Plaintiffs allege that police all across Texas, as a matter of well-established policy, regularly arrest citizens and take them directly to jail having made no effort to locate a magistrate.  Plaintiffs further allege that it cannot be reasonably construed that 254 individually elected Sheriffs in Texas and more than 2800 magistrates as, according to the txcourts.gov, were not accessible.

When persons who have been arrested are brought before a magistrate, the magistrate will convene a "magistration" hearing, not an examining trial.  Plaintiffs plead that there is no such thing an a "magistration hearing" defined in Texas law.  So, this begs the question, how is it that 254 sheriffs and at least 2800 magistrates all follow the same improper practices and procedures?

### 1.4.2  Ongoing Criminal Enterprise

Plaintiffs plead that Plaintiffs were not singled out for special persecution but worse, Plaintiffs were treated just like everyone else accused of crime in Texas. Plaintiffs will show that Plaintiffs were subjected to an ongoing criminal enterprise designed and implemented by the Texas Court of Criminal Appeals, in conjunction with the directors of the Texas Office of Court Administration, Megan LaVoie, the Texas Justice Court Training Center, Thea Whalen, the Texas Municipal Courts Education Center, Deadra Stark, Texas State University, the Texas Association of Counties, Mr. Nathan Cradduck, the Texas Center for the Judiciary, Gail Bell , and similar entities to be named subsequent to discovery.

Plaintiff's further plead, the Texas Office of Court Administration, in consultation with the Texas Court of Criminal Appeals was commanded by the Texas Legislature to develop curricula for the training of magistrates in the setting of bail and other duties by Texas Code of Criminal Procedure 17.024 which reads as follows:

> *Art. 17.024.  TRAINING ON DUTIES REGARDING BAIL.* (a) The Office of Court Administration of the Texas Judicial System shall, in consultation with the court of criminal appeals, develop or approve training courses regarding a magistrate's duties, including duties with respect to setting bail in criminal cases.  The courses developed must include:
>> (1) an eight-hour initial training course that includes the content of the applicable training course described by Article 17.0501; and
>>
>> (2) a two-hour continuing education course.
>
> (b)  The office shall provide for a method of certifying that a magistrate has successfully completed a training course required under this article and has demonstrated competency of the course content in a manner acceptable to the office.
>
> (c) A magistrate is in compliance with the training requirements of this article if:
>> (1) not later than the 90th day after the date the magistrate takes office, the magistrate successfully completes the course described by Subsection (a)(1);
>>
>> (2) the magistrate successfully completes the course described by Subsection (a)(2) in each subsequent state fiscal biennium in which the magistrate serves; and

> *(3) the magistrate demonstrates competency as provided by Subsection (b).*
>
> *(c-1) Notwithstanding Subsection (c), a magistrate who is serving on April 1, 2022, is considered to be in compliance with Subsection (c)(1) if the magistrate successfully completes the training course not later than December 1, 2022. This subsection expires May 1, 2023.*
>
> *(d) Any course developed or approved by the office under this article may be administered by the Texas Justice Court Training Center, the Texas Municipal Courts Education Center, the Texas Association of Counties, the Texas Center for the Judiciary, or a similar entity.*

Plaintiff went on to plead that the Texas Office of Court Administration, acting in concert and collusion with the Texas Court of Criminal Appeals, and the named public agencies charged with the training of magistrates and police, instead of properly training public officials, conspired, one said public officials, toward an ongoing criminal enterprise by developing curricula for the training of magistrates and others in practices and procedures which are in clear and direct violation of the specific Constitutional mandates and laws of the State of Texas.

**1.5   PLEADING SUFFICIENT FACTS**

Beyond the first section, quoted above, the remainder of the suit was by way of establishing enough facts to give a reasonable person of ordinary prudence sufficient information to look at a complex system suffering from a seemingly minor failure which blossomed into the monstrosity we experience today.

> *"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).*

Under the above standards, taking all allegations of Plaintiffs facts as true, Plaintiffs sufficiently plead a claim against Defendant/s.

8 of 10

## 2   CONCLUSION

Defendants complain about conclusory statements, but then, at some point conclusions must be drawn. In the instant case, Defendant had a duty to conduct herself in accordance with well-established law. Instead, Defendant acted in accordance with their training, which amounted to participation in an ongoing criminal enterprise which is costing the counties in Texas on the order of $11.9 billion dollars a year and has degraded Texas Criminal Justice to the worst police state the world has ever seen.

Plaintiffs respectfully ask this Honorable Court to deny Defendant Gail Bell's Motion to Dismiss for Failure to State a Claim because Plaintiffs have submitted a well-pled set of factual elements pointing to Defendant's unlawful conduct, worthy of a jury's deliberation.

## 3   PRAYER

Plaintiffs move this court to deny Defendant's motion to dismiss in its entirety.

Respectfully submitted,

Randall Kelton, Plaintiff
PO Box 1
113 S. Allen St.
Boyd, TX 76023
(940) 399-9922
randy@ruleoflawradio.com

*[signature: Kara Bell]*

Kara Bell, Plaintiff

PO Box 341703

Lakeway, TX 78734

310-606-9093

KaraBell@FedUpTexans.com

## CERTIFICATE OF SERVICE

I certify that a copy of the above *Plaintiff's Opposition to Defendant Gail Bell's Motion to Dismiss* was filed in person with the United States District Court, Western District of Texas, Austin Division on the 27th day of July, 2023 and mailed by certified mail to:

Gail Bell

Texas Center for the Judiciary

1210 San Antonio, Ste 800

Austin, Texas 78701

*Via Certified Mail: 7016 0600 0000 3039 8041*

*[signature: Kara Bell]*

Kara Bell, Plaintiff