UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2023 SEP 14 PM 2: 05
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____CR_____

| | |
|---|---|
| **Randall Kelton, Kara Bell** § | |
| *Plaintiffs* § | |
| VERSUS § | |
| **Nordstrom Inc. (d.b.a.** § | CIVIL ACTION 1:23-cv-00395 |
| **Nordstrom Rack), Et Al** § | |
| *Defendants* § | |

## OPPOSITION TO HECHT MOTION TO DISMISS AND MOTION FOR SANCTIONS

Now comes Plaintiff Kelton and files this opposition to Defendant Hecht's Motion to Dismiss.

### 1   CORRUPT INFLUENCE

Plaintiff alleges that Defendant Hecht filed the instant motion, not because he expected this court to grant such a frivolous motion but rather, for the singular purpose of unduly influencing and prejudicing this court against pro se Plaintiff Kelton.

> *18 U.S. Code § 1503 - Influencing or injuring officer or juror generally* (a) Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate judge or other committing magistrate, in the discharge of his duty, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, magistrate judge, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided in subsection (b). If the offense under this section occurs in connection with a trial of a criminal case, and the act in violation of this section involves the threat of physical force or physical force, the maximum term of imprisonment which may be imposed for the offense shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case.

## 1.1 NOTHING BUT NAME CALLING

A close reading of the above referenced Motion to Dismiss will show that it contains no facts relevant to the case at bar. Apparently Justice Hecht got his feelings hurt and feels the need to disparage Plaintiff Kelton. Fortunately, Plaintiff Kelton has been married these last 50 years and, therefore, is quite accustomed to being abused and disparaged. However, the court should take umbrage that Justice Hecht would file such an adolescent motion and take up the court's time having to deal with a motion which contains no law in support of Defendant Hecht's assertion that the instant case should be dismissed. Justice Hecht simply presented a diatribe against Plaintiff Kelton in an apparent effort to improperly influence the court to dismiss an otherwise just and valid petition.

## 2 FEDERAL RULES OF CIVIL PROCEDURE 11(B)

It is the assertion of Plaintiff Kelton that the instant motion to dismiss was not presented for any improper purpose but rather, was presented solely for the purpose of harassing, causing unnecessary delay, and needlessly increasing the cost of litigation in violation of Federal Rules of Civil Procedure 11(b)(1) which reads as follows:

> *Federal Rules of Civil Procedure 11(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:*
>
> > *(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;*

### 2.1 UNWARRANTED

The claims and contentions brought by Defendant Hecht are not warranted by existing law or by nonfrivolous arguments toward modifying, or reversing existing law or for establishing new law in violation of Federal Rules of Civil Procedure 11(b)(2) which reads as follows:

> > *(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;*

**2.2  FACTUALLY IRRELEVANT**

The factual contentions presented by Defendant Hecht while having evidentiary support, have no evidentiary support after a reasonable opportunity for further investigation or discovery in violation of <u>Federal Rules of Civil Procedure 11(b)(3)</u> which reads as follows:

> *(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and*

**2.3  NO DENIAL OF FACTUAL CONTENTIONS**

Defendant Hecht filed a Rule 12 Motion to Dismiss.  In said Motion to Dismiss, Defendant Hecht made no allegation that the factual basis of the instant case were insufficient to support a claim against Defendant.  In the instant Motion to Dismiss, Defendant Hecht made no denials that that the facts as related by Plaintiff were untrue or insufficient to warrant a claim against Defendant Hecht.  Defendant Hecht merely alleged facts which, if taken as true, would have no evidentiary value in the instant case.

## 3   NOTICE AND OPPORTUNITY TO WITHDRAW MOTION

It is the sincere hope of Plaintiff that Defendant Hecht will withdraw the instant Motion to Dismiss in the interest of justice:

**3.1  PREPARED TO FILE FOR SANCTIONS**

Plaintiff is prepared to file a motion for sanctions in accordance with <u>Federal Rules of Civil Procedure 11(c))(1)</u> which reads as follows:

> <u>*Federal Rules of Civil Procedure 11(c)*</u> *Sanctions.*
>
> *(1) In General. If, after notice and a reasonable opportunity to respond, the court determines that <u>Rule 11(b)</u> has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.*

### 3.2 NOTICE AND OPPORTUNITY TO WITHDRAW MOTION

Plaintiff hereby gives notice to Defendant of Plaintiff's intent to file a motion for sanctions and hereby give Defendant Hecht notice and opportunity to withdraw the instant motion to dismiss. Said notice given in accordance with <u>Federal Rules of Civil Procedure 11(c)(2)</u> which reads as follows:

> *(2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates <u>Rule 11(b)</u>. The motion must be served under <u>Rule 5</u>, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.*

### 3.3 SHOW CAUSE

In as much as the court may order Defendant Hecht to show cause as to why the instant motion should be withdrawn, on it's own initiative, in accordance with <u>Federal Rules of Civil Procedure 11(c)(3)</u> which reads as follows:

> *(3) On the Court's Initiative. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).*

Plaintiff will refrain from asking the court to do so.

## 4   CONCLUSION

Plaintiff, in responding to the instant Motion to Dismiss is concerned that this motion, although filed in the name of Justice Hecht, may not be entirely of his doing. Justice Hecht is the Chief Justice of the Texas Supreme Court, a high level and highly respected jurist. It just doesn't seem reasonable that he would file a motion with as little substance as this.

### 4.1 MOTION TO STRIKE

In conjunction with the filing of this response to Defendant Hecht's Motion to Dismiss, Plaintiffs are filing a motion to strike Defendant's Rule 12 Motion to Dismiss arguing that all government Defendants used government lawyers to provide their legal representation. Plaintiffs argue that the Texas Constitution absolutely forbids any

governmental entity in Texas from providing government paid counsel to any person sued in their personal capacity.

In the above referenced pleading, Plaintiff's also move the court to grant Plaintiff's default judgment as the above referenced Rule 12 Motion to Dismiss was never properly before the court and, therefore, the time to file an answer did not toll and Plaintiffs have a right to default judgment.

Therefore, Plaintiffs move this court to consider Plaintiff's motion to strike Defendant's Rule 12 Motion before spending time on the instant motion as a ruling in Plaintiff's favor will render the instant motion moot.

### 4.2   NOTICE AND OPPORTUNITY TO WITHDRAW MOTION

It is my hope that this motion has been filed in error and, even though I said I wouldn't, Plaintiff moves the court to give Justice Hecht notice an opportunity to withdraw the instant motion.

### 4.3   DENY MOTION TO DISMISS

Plaintiff Kelton took considerable time and care in crafting the instant pleading.  It is the culmination of over 30 years of research into a problem that not only plagues the citizens of the State of Texas, but also denigrates the criminal justice system as a whole.  The sole purpose of the instant pleading is to correct an error that crept into the criminal justice system over time.  While I had to name individuals, I do not consider them anything other than well-meaning public servants.  It is just that they have been seduced into promoting a set of policies and practices which work a horrible injustice on all involved.

Thereby, in the interest of justice and the right of things, Plaintiff Kelton moves this court to deny Defendant Hecht's Motion to dismiss.

### 5   PRAYER

Plaintiff prays of the court an order denying Defendant Hecht's instant Motion to Dismiss.

Opposition to Hecht Motion to Dismiss                                                                                  5 of 7

Respectfully Submitted

_____        _____
Randall Kelton                                                  Kara Bell

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Randall Kelton, Kara Bell** | § | |
| *Plaintiffs* | § | |
| **VERSUS** | § | |
| **Nordstrom Inc. (d.b.a.** | § | **CIVIL ACTION 1:23-cv-00395** |
| **Nordstrom Rack), Et Al** | § | |
| *Defendants* | § | |
| | § | |

**ORDER**

It is hereby ordered that:

1. The motion to dismiss, filed by Defendant Hecht on the 30th day of August 2023 is hereby:

   Granted ___          Denied___

_____
**Presiding Judge**