IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RANDALL KELTON AND KARA BELL,<br>   *Plaintiffs*, | §<br>§<br>§<br>§ | |
| v. | § | Case No. 1:23-cv-00395-DII-SH |
| | §<br>§ | |
| NORDSTROM, INC. d/b/a NORDSTROM<br>RACK; KELSIE FUCCI; NATHAN HECHT;<br>SHARON KELLER; JOSE GARZA;<br>ROB STUART DRUMMOND;<br>BARBARA HERVEY;<br>BERT RICHARDSON; KEVIN YEARY;<br>DAVID NEWELL; MARY LOU KEEL;<br>SCOTT WALKER; MICHELLE SLAUGHTER;<br>JESSE F. McCLURE, III; MEGAN LAVOIE;<br>THEA WHALEN; DEADRA STARK;<br>KELLY DAMPHOUSE; NATHAN CRADDUCK;<br>GAIL BELL; UNKNOWN TRAVIS COUNTY<br>SHERIFF'S DEPUTY; SALLY HERNANDEZ;<br>LENN CARTER; ROBERT ELLER;<br>CRYSTAL GILL; MARK BRUNER;<br>KENTON JOHNSON;<br>BARBARA BOULWARE-WELLS;<br>JEFF ULLMAN; AUDREY GUTHRIE;<br>SAM BASSETT; SARA DONOVAN,<br>   *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**DEFENDANTS LENN CARTER, ROBERT ELLER, CRYSTAL GILL, MARC BRUNER, KENTON JOHNSON, BARBARA BOULWARE-WELLS, JEFF ULLMAN, AND AUDREY GUTHRIE'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF THIS COURT:

DEFENDANTS LENN CARTER, ROBERT ELLER, CRYSTAL GILL, MARC BRUNER, KENTON JOHNSON, BARBARA BOULWARE-WELLS, JEFF ULLMAN, AND AUDREY GUTHRIE (hereinafter collectively referred to as "Sunset Valley Defendants") file this

their Response to Plaintiffs' Motion to Strike Defendants' Motion to Dismiss, and respectfully show the Court as follows:

## I.
## BACKGROUND SUMMARY

1. On April 6, 2023, Plaintiffs filed their *Original Complaint* [Dkt.1] alleging a number of different claims against various Defendants, including claims against Sunset Valley Police Officers Crystal Gill and Robert Eller, Sunset Valley Police Chief Lenn Carter, Sunset Valley Mayor Marc Bruner, Sunset Valley Municipal Judge Kenton Johnson, Sunset Valley Prosecutor Barbara Boulware-Wells, Sunset Valley Prosecutor Audrey Guthrie, and former Sunset Valley Prosecutor Jeff Ullman, in connection with Plaintiff Kara Bell's arrest and subsequent prosecution.

2. On June 23, 2023, Plaintiffs filed their *First Amended Complaint*. [Dkt. 3].

3. On June 26, 2023, Plaintiffs filed their *Second Amended Complaint*. [Dkt. 5].

4. On July 14, 2023, Defendants filed their *Motion to Dismiss Plaintiffs' Second Amended Complaint* [Dkt.9].

5. On September 14, 2023, Plaintiffs filed *Plaintiff's Motion to Strike Rule 12 Motion* [Dkt.56]. Plaintiffs make the novel argument that the privately employed attorney for the Sunset Valley Defendants lacks standing to represent persons sued in their private capacity. [Dkt.56, ¶1].

6. The Sunset Valley Defendants respectfully request that the Court deny *Plaintiff's Motion to Strike Rule 12 Motion* in its entirety.

## II.
## ARGUMENT AND AUTHORITY

7. Plaintiffs' argument is unusual in that Plaintiff seeks the disqualification of Defendants' attorneys of choice without reference to any ethical breach or conflict of interest. Because of the interests of the parties in having counsel of their choice, the Court should tread carefully under

these circumstances.

> A disqualification inquiry, particularly when instigated by an opponent, presents a palpable risk of unfairly denying a party the counsel of his choosing. Therefore, notwithstanding the fundamental importance of safeguarding popular confidence in the integrity of the legal system, attorney disqualification, particularly the disqualification of an entire firm, is a sanction that must not be imposed cavalierly.

*F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1316 (5th Cir. 1995)

8. "Texas law presumes that an attorney has the authority to sign pleadings on behalf of the client." *Maiz v. Virani,* 311 F.3d 334, 341 fn.5 (5th Cir. 2002). "The general rule in Texas is that an attorney is presumed to have authority to appear and act on behalf of his client unless it is shown conclusively that the attorney was not authorized." *Arbuckle Broadcasters, Inc. v. Rockwell Int'l Corp.*, 513 F. Supp. 412, 418 (N.D. Tex. 1981)(citing *Hidalgo County Drainage Dist. v. Magnolia Petroleum Co.*, 47 S.W.2d 875, 876 (Tex.Civ.App. San Antonio 1932, writ ref'd)).

9. In the present case, Plaintiffs do not allege that the undersigned ever represented them and that there is a conflict of interest, or that the undersigned has access to any private information that would prejudice Plaintiffs in any way. Plaintiffs simply do not have standing to challenge the Sunset Valley Defendants' choice of counsel. *See O'Connor v. Jones*, 946 F.2d 1395, 1399 (8th Cir. 1991)(Holding that the District Court erred in disqualifying counsel on a motion that it had no authority to entertain.).

10. Even if the Court considers Plaintiff's Motion to be pursuant to Texas Rule of Civil Procedure 12, Rule 12 does not apply to this Court. *Badaiki v. Cameron Int'l Corp.*, No. 4:19-CV-371, 2020 WL 8990868, at *1 (S.D. Tex. Nov. 20, 2020)(citing *Rodriguez v. State Farm Lloyds*, No. 15-CV-85, 2016 WL 10804242, at *3 (S.D. Tex. Sept. 13, 2016) ("Because a motion to show authority is a creature of Texas's procedural rules, it is unclear whether such a motion exists or is recognized at the Federal stage[.]"); *Wirsche v. Bank of Am., N.A.*, No. 13-CV-528,

2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) (noting that federal courts apply federal procedural law when exercising diversity jurisdiction and that, although the line between substantive and procedural law is hazy, plaintiff's reliance on Texas Rule of Civil Procedure 12 was "inapposite"); *T.R. Hoover Cmty. Dev. Corp. v. City of Dallas*, No. 06-CV-2148, 2008 WL 2604818, at *2 n.2 (N.D. Tex. July 2, 2008) (finding Texas Rule 12 inapplicable to the case, which had been removed from state court based on federal question and supplemental jurisdiction)). Moreover, Plaintiffs' Motion is not sworn as required by Rule 12.

## IV.
## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court deny *Plaintiff's Motion to Strike Rule 12 Motion* [Dkt.56] in its entirety and request such other and further relief to which Defendants may show themselves to be justly entitled, at law and in equity.

SIGNED this 18th day of September, 2023.

Respectfully submitted,

**Denton Navarro Rocha Bernal & Zech, P.C.**
attorneys & counselors at law • rampagelaw.com
A Professional Corporation
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745
512/279-6431
512/279-6438 (Facsimile)
smtschirhart@rampagelaw.com

By: _____
SCOTT M. TSCHIRHART
State Bar No. 24013655

*ATTORNEYS FOR SUNSET VALLEY DEFENDANTS*

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure on this 18th day of September, 2023, to the following:

| | |
|---|---|
| Randall Kelton<br>P.O. Box 1<br>113 S. Allen St.<br>Boyd, TX 76023<br>randy@ruleoflawradiolcom<br>*PRO SE PLAINTIFF* | ***VIA CERTIFIED MAIL/CMRRR*** |
| Kara Bell<br>P.O. Box 341703<br>Lakeway, Texas 78734<br>KaraBell@FedUpTexans.com<br>*PRO SE PLAINTIFF* | ***VIA CERTIFIED MAIL/CMRRR*** |
| A. Craig Carter<br>JACKSON & CARTER, PLLC<br>6514 McNeil Drive<br>Bldg. 2, Suite 200<br>Austin, Texas 78729<br>ccarter@jackson-carter.com<br>*Attorney for Defendants*<br>*Texas Association of Counties; Nathan Cradduck* | *Via E-Notification* |
| Angela Colmenero<br>Provisional Attorney General<br>Brent Webster<br>First Assistant Attorney General<br>Grant Dorfman<br>Deputy First Assistant General<br>James Lloyd<br>Acting Deputy Attorney General for Civil Litigation<br>Kimberly Gdula<br>Deputy Chief, General Litigation Division<br>Ryan Kercher<br>Deputy Chief, General Litigation Division<br>Scot M. Graydon<br>Assistant Attorney General<br>OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>*Attorneys for Defendants*<br>*Dr. Kelly R. Damphousse,* | *Via E-Notification* |

*Judge Sharon Keller,*
*Megan Lavoie, Thea Whalen,*
*Chief Justice Nathan Hecht*
*Judges Barbara Hervey, Bert Richardson, Kevin Yeary,*
*David Newell, Mary Lou Keel, Scott Walker,*
*Michelle Slaughter, And Jesse F. Mcclure, III*

Delia Garza                                                                          **Via E-Notification**
Travis County Attorney
Anthony J. Nelson
Patrick T. Pope
Assistant County Attorney
P. O. Box 1748
Austin, Texas 78767
Tony.Nelson@traviscountytx.gov
Patrick.Pope@traviscountytx.gov
*Attorneys For Defendant Travis County*
*Sheriff Sally Hernandez; Travis County Assistant District*
*Attorney Rob Drummond; Travis County District Attorney Jose Garza*

Michael B. Johnson                                                               **Via E-Notification**
Leslie L. Sun
THOMPSON COE COUSINS & IRONS, LLP
2801 Via Fortuna, Suite 300
Austin, Texas 78746
E-Mail: mjohnson@thompsoncoe.com
E-Mail: lsun@thompsoncoe.com
*Counsel for Defendants*
*Sam Bassett And Sara Donovan*

Maryalyce W. Cox                                                                 **Via E-Notification**
MEHAFFY WEBER, P.C.
500 Dallas Street, Suite 2800
Houston, TX 77002
maryalycecox@mehaffyweber.com
*Attorneys For Defendants*
*Nordstrom, Inc. and Kelsie Fucci*

Benjamin J. Gibbs                                                                **Via E-Notification**
TEXAS MUNICIPAL COURTS EDUCATION CENTER
2210 Hancock Drive
Austin, Texas 78756
Email: gibbs@tmcec.com
*Attorney For Defendant Deadra Stark*

Douglas M. Becker                                              ***Via E-Notification***
Monte Swearengen
GRAY & BECKER, P.C.
900 West Avenue
Austin, Texas 78701
Doug.Becker@graybecker.com
Monte.Swearengen@graybecker.com
*Attorneys for Defendant Gail Bell*

_____
SCOTT M. TSCHIRHART