UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Randall Kelton, Kara Bell** § | | |
| *Plaintiffs* § | | |
| VERSUS § | | |
| Nordstrom Inc. (d.b.a. § | CIVIL ACTION 1:23-cv-00395 | |
| Nordstrom Rack), Et Al § | | |
| *Defendants* § | | |

## Plaintiff's Rebuttal to STATE DEFENDANTS' RESPONSE TO MOTION TO STRIKE

TO THE HONORABLE COURT:

NOW COME Plaintiffs and responds to Defendants Opposition to Plaintiff's motion to strike Defendant's Rule 12 Motion to Dismiss.

### I.   AUTHORITY TO REPRESENT THE STATE DEFENDANTS

Defendant State Officials argue:

> *Plaintiffs' suggestion is frivolous and unsupported by fact or law and is entirely in keeping with Plaintiff Kelton's admission that he brings this lawsuit in bad faith. (Doc. 55-1: "This suit is just for practice").*

### 1.1   BAD FAITH?

It is not clear from the above what Defendants are referring to other than an email Plaintiff Kelton sent to the mayor of the town Plaintiff Kelton lives in admonishing him to ensure that his chief of police follow law.  Plaintiff Kelton noticed the mayor that Plaintiff intended to sue Wise County and did not want the City of Boyd to be implicated in the suit.    Actually, Plaintiff Kelton violated one of his own rules:

> *"Never give a public officials fair warning."*

It always comes back to bite you.  If you try to explain to a public official that they are not following law or warn them of your intention to take legal action, they will always construe whatever you say as a threat.  A good case in point for remaining silent.

How Defendant's got that email I have no idea but when lawyers don't have facts and law they

resort to ad homonym attack, as in the instant case.

As to the practice of law, Plaintiff Kelton readily admits he is practicing, legally, but practicing non-the-less. Defendant's ad homonym attack has no import other than to hurt Plaintiff Kelton's feelings.

## 1.2 EASLEY V. MARTIN

It seems odd that Defendant could only find a case citation from an unpublished case as the following quote from the case demonstrates:

> *This case was not selected for publication in the Federal Reporter.*
>
> *Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Fifth Circuit Rules 28.7, 47.5.3, 47.5.4. (Find CTA5 Rule 28 and Find CTA5 Rule 47) United States Court of Appeals, Fifth Circuit.* **Jerry E. EASLEY, Plaintiff-Appellant, v. C.R. MARTIN and K. Sulewski,** *Defendants-Appellees. No. 93-4444. Summary Calendar. March 15, 1994.* **(Emphasis added.)**

Not withstanding Rule 32.1 which reads as follows:

> *32.1(a) provides a court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been: (i) designated as "unpublished," "not for publication," "non-precedential," "not precedent," or the like; and (ii) issued on or after January 1, 2007.*

Aside from being unpublished, Easly had already negotiated a settlement with the Attorney General then, after being paid, comes back and argues that the AG did not have standing to enter the agreement. After being paid based on the agreement seems a little late to complaint about it. Regardless, it is hardly on point.

Defendant raises the following argument from Easley:

> *Easley argues that [defendants] were not entitled to representation by the Attorney General because they were sued in their individual capacities.* **This argument is meritless.** *The Attorney General is empowered to defend officers of a Texas state institution in a cause of action for deprivation of a constitutional right.*
>
> *" See Easley v. Martin, 19 F.3d 15; 1994 WL 93415, at *5–6 (5th Cir. Mar.15, 1994) (per curiam) (unpublished) (emphasis added), citing Tex. CIV. PRAC. & REM. CODE §§104.001 and 104.004.*

### 1.2.1    Tex. CIV. PRAC. & REM. CODE §§104.001 and 104.004

Granted, Plaintiffs are only pro se litigants and not sophisticated in law but even so, Defendant's reference to Easley does not seem to apply. Easley references Tex. CIV. PRAC. & REM. CODE §§104.001 which reads in pertinent part as follows:

> *In a cause of action based on conduct described in Section 104.002, the state shall indemnify the following persons, without regard to whether the persons performed their services for compensation, for actual damages, court costs, and attorney's fees adjudged against: Tex. Civ. Prac. and Rem. Code § 104.001*

Defendants also reference Tex. CIV. PRAC. & REM. CODE §§104.004 which reads as follows:

> *(a) The attorney general shall defend a public servant or estate listed in Section 104.001 in a cause of action covered by this chapter.*
>
> *(b) The attorney general may settle or compromise the portion of a lawsuit that may result in state*

> *liability under this chapter.*
>
> *(c) It is not a conflict of interest for the attorney general to defend a person under this chapter and also to prosecute a legal action against that person as required or authorized by law if different assistant attorneys general are assigned the responsibility for each action.*

### 1.2.2 Glaring Omission

What is glaring by its omission, is a reference to Tex. Civ. Prac. & Rem. Code § 104.002(a) which reads in pertinent part as follows:

> *(a) Except as provided by Subsection (b), the state is liable for indemnification under this chapter **only if the damages are based on an act or omission by the person in the course and scope of the person's office**, employment, or contractual performance for or service on behalf of the agency, institution, or department and if:*
>
> > *(1) the damages arise out of a cause of action for negligence, **except a wilful or wrongful act or an act of gross negligence**; or*
> >
> > *(2) the damages arise out of a cause of action for deprivation of a right, privilege, or immunity secured by the constitution or laws of this state or the United States, **except when the court in its judgment or the jury in its verdict finds that the person acted in bad faith, with conscious indifference or reckless disregard**; or*
> >
> > *(3) indemnification is in the interest of the state as determined by the attorney general or his designee. **(emphasis added)** Tex. Civ. Prac. & Rem. Code § 104.002(a)*

Plaintiffs read Tex. Civ. Prac. & Rem. Code § 104.002(a) before filing the above action and carefully crafted the pleading to fall within the above exceptions.

### 1.2.3 Outside Scope

Plaintiff alleged, Defendants engaged in an ongoing criminal conspiracy to violate federal laws and the Constitution of the United States. Plaintiffs clearly alleged that Defendants conspired, one with the other to violate well established law then executed the plan conspired to costing the State of Texas in excess of $11.9 billion a year as well as denying the citizens of Texas in the procedural due course of the United States Constitution and Federal law.

### 1.2.4 Supremacy Clause

Plaintiffs alleged with specificity and particularity, how the State of Texas is forbidden to indemnify Defendants by providing free counsel. See Ex Parte Young, 209 U.S. 123.

> *"The State has no power to impart to its officer immunity from responsibility to the supreme authority of the United States." Ex Parte Young, 209 U.S. 123, 124 (1908).*

Defendants provided no law or precedence to rebut Plaintiff's allegations.

## 2   RULE 12 IMPROPERLY FILED

Plaintiffs argue that the Attorney General had no standing or authority to expend state funds toward the defense of Defendants. It is the assertion and allegation of Plaintiffs that Defendant's Rule 12 Motion was filed by the Texas Attorney General in violation of the Texas Constitutional prohibition against benefits being provided to public officials beyond those granted in the employment contracts. Plaintiffs allege the above referenced Rule 12 motion to dismiss was filed for an improper purpose as contemplated by Federal Rules of Civil Procedure 11(b) which reads as

follows:

> *(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:*
>
> > *(1) **it is not being presented for any improper purpose**, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;*
> >
> > *(2) **the claims, defenses, and other legal contentions are warranted by existing law** or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;*
> >
> > *(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and*
> >
> > *(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.*

## 2.1   DELAY FOR DELAY'S SAKE

Plaintiffs filed a carefully crafted 150 page complaint documenting with specificity and particularity how most every step as presently practiced by the criminal justice system in Texas is not only wrong, but very specifically against particular law.  It is the assertion and allegation of Plaintiffs that Defendants caused the above referenced Rule 12 motion to be filed specifically to delay the case by tolling the time limit to file an answer in order to give them time to address the extensively documented petition of Plaintiffs.

## 2.2   RIGHT TO DEFAULT JUDGMENT

Instead of abusing the courts by filing an improper Rule 12 motion, Defendants could have filed a motion for extension of time.  Defendants did not choose to file for an extension of time, instead, they chose to abuse the system with their Rule 12(b)(1) and (6) motion.

### 2.2.1    Rule 12(b)(1)

Defendants moved for dismissal under Rule 12(b)(1) claiming immunity.  The claim was frivolous as they only argued state immunity issues in the face of the prohibition contained in Ex Parte Young.  OK, I get it.  We are only pro se litigants, however, considering how definitive Ex Parte Young is and the thousands of times it has been subsequently cited, it would seem that Defendants would have addressed it as required by the American Bar Association's Rules under Rule 3.3(a)(2). What the court got instead was "crickets."

### 2.2.2    Time Not Tolled

Plaintiffs move this court to speak with a much louder voice toward the improper behavior of Defendants in the instant case and rule that Defendant's Rule 12 motion was improperly filed by the Attorney General when the AG did not have standing to represent Defendants and/or, filed for an improper purpose and therefore, did not toll the time limit for filing an answer.

# 3     CONCLUSION

Plaintiffs filed the instant action in order to rite a civil wrong.  The petition in this case represents the culmination of over 30 years of research.  Plaintiffs, as citizens of the Republic of Texas and the United States, expect more from their public officials.  Defendant's opposition to Plaintiff's Motion to Strike Defendant's Rule 12 Motion to Dismiss is an embarrassment.  It would seem that the Texas Attorney General, the highest level attorneys in the State of Texas could do better than a couple of district court decisions and one unpublished case.  Defendant's Opposition to Plaintiff's Motion to Strike brings no facts or law this court can rule on as contemplated by Walker v. Packer, 827 S.W.2d 833 as follows:

> *Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. See Joachim v. Chambers, 815 S.W.2d 234, 240 (Tex. 1991) (trial court abused discretion by misinterpreting Code of Judicial Conduct); NCNB Texas National Bank v. Coker, 765 S.W.2d 398, 400 (Tex. 1989) (trial court abused discretion by failing to apply proper legal standard to motion to disqualify counsel); Eanes ISD v. Logue, 712 S.W.2d 741, 742 (Tex. 1986) (trial court abused discretion by erroneously finding constitutional violation).*

Plaintiffs, in Plaintiff's motion adequately briefed Plaintiff's right to judgment.  This court is bound to the law before it and the only law before it would lead a reasonable person of ordinary prudence, even a non-lawyer to the conclusion that Defendants are liable for the improper actions alleged by Plaintiffs.

Plaintiffs have shown that the Texas Attorney General has no standing to represent Defendants in the instant case.

# 4     PRAYER

WHEREFORE, Plaintiffs pray of this Court  an order granting Plaintiffs' Motion to Strike Defendant's Rule 12 Motion to dismiss as improperly filed, and that Plaintiffs take default judgment for the amounts claimed.

*Respectfully submitted,*

_____
**Randall Kelton**
**PO Box 1**
**Boyd, TX 76023**
**940 399 9922**
**randy@ruleoflawradio.com**

## Certificate of Service

I certify that a copy of the above *The State Defendants' Response to Motion to Strike*, was filed in person with the United States District Court, Western District of Texas, Austin Division and mailed by certified mail to the attorneys for the state defendants:


SCOT M. GRAYDON

Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL

P.O. Box 12548, Capitol Station

Austin, Texas 78711-2548

*Via Certified Mail: 9589 0710 5270 0481 0426 33*

*[signature: Kara Bell]*

**Kara Bell-** *Plaintiff*

**PO Box 341703**

**Lakeway, TX 78734**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Randall Kelton, Kara Bell** | § | |
| *Plaintiffs* | § | |
| VERSUS | § | |
| **Nordstrom Inc. (d.b.a.** | § | **CIVIL ACTION 1:23-cv-00395** |
| **Nordstrom Rack), Et Al** | § | |
| *Defendants* | § | |

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE RULE 12 MOTION

On this day came to be heard Plaintiff Motion to Strike Rule 12 Motion. The Court having reviewed the motion and responses, the law, and arguments of all parties, enters the following order:

IT IS ORDERED that the Plaintiff's Motion to Strike Rule 12 Motion for Defendants Chief Justice Nathan Hecht of the Supreme Court of Texas, Presiding Judge Sharon Keller and Judges Barbara Hervey, Bert Richardson, Kevin Yeary, David Newell, Mary Lou Keel, Scott Walker, Michelle Slaughter, and Jesse F. McClure, III (each of whom is a Judge on the Texas Court of Criminal Appeals), Dr. Kelly R. Damphousse, President of Texas State University, Megan LaVoie, and Thea Whalen (Doc. 56) is

**GRANTED** _____

**DENIED** _____

**SIGNED AND ENTERED this** \_\_\_\_ **day of** _____ **2023.**

_____
***HONORABLE JUDGE OF COURT***