United States District Court
Western District of Texas
Austin Division

| | | |
|---|---|---|
| Randall Kelton, Kara Bell | § | |
| Plaintiffs | § | |
| VERSUS | § | |
| Nordstrom Inc. (d.b.a. Nordstrom | § | CIVIL ACTION 1:23-cv-00395 |
| Rack), Et Al | § | |
| Defendants | § | |

DEFENDANTS TRAVIS COUNTY DISTRICT ATTORNEY JOSÉ GARZA AND ASSISTANT
DISTRICT ATTORNEY ROB DRUMMOND'S RESPONSE TO PLAINTIFF'S [sic] MOTION TO
STRIKE RULE 12 MOTION

TO THE HONORABLE JUDGE ROBERT PITMAN, COME NOW Plaintiffs rebuttal to

Defendant Garza and Drummond's Opposition to Plaintiffs' Motion to Strike

Defendant's Rule 12 Motion.

## 1   DEFENDANTS DA GARZA AND ADA DRUMMOND'S RESPONSE

Defendants Garza and Drummond, in their response start by arguing as follows:

> *Plaintiffs' Motion to Strike with respect to the Travis County Defendants is baseless and*
> *without merit. Plaintiffs ask this Court to strike the motions to dismiss for the Travis*
> *County Defendants based on a suggestion that the Travis County Attorney may not*
> *represent Travis County officials sued in their individual (or as Plaintiffs call it,*
> *"private") capacities. (ECF No. 56 at 1). Section 102.004 of the Texas Civil Practice and*
> *Remedies Code specifically provides, in*
>
> *pertinent part:*

> *A local government may provide legal counsel to represent a defendant for whom*
> *the local government may pay damages under this chapter. The counsel provided*
> *by the local government may be the local government's regularly employed*
> *counsel, unless there is a potential conflict of interest between the local government*
> *and the defendant, in which case the local government may employ other legal*
> *counsel to defend the suit.*

## 1.1   TRAVIS COUNTY OFFICIALS?

Granted, Plaintiffs are only lowly pro se litigants and, as will probably be apparent

below, can sometimes miss some things, however, in the instant case it seems Defendants

Missed something.  By the above, Defendants characterize themselves as county officials

when in fact, they are state officials.

### 1.1.1  Who Works for Whom

I am sure Defendants will correct us if we are wrong but, Plaintiffs acted from the presumption that County Attorney Delia Garza is an employee of Travis County and District Attorney Jose Garza and Assistant District Attorney Ron Drummond are employees of the State of Texas.

### 1.1.2  Misuse of Public Funds

The instant action is a civil suit, and in the interest of being civil, Plaintiffs references to criminal acts are not intended as "criminal complaints."  The criminal implications are only mentioned with reference to the improprieties of providing extra benefits to Defendants.  With that said, it could be presumed, if County Attorney Delia Garza expended public funds toward developing a civil defense for Defendants Jose Garza and Rob Drummond, such an act can be construed as beyond the scope of the authority of Delia Garza acting in the capacity of a prosecuting attorney for the Texas County of Travis and therefore, an act in violation of Texas Penal Code 39.02 which reads as follows:

> *Sec. 39.02.  ABUSE OF OFFICIAL CAPACITY.  (a)  A public servant commits an offense if, with intent to obtain a benefit or with intent to harm or defraud another, he intentionally or knowingly:*
>
> *(1)  violates a law relating to the public servant's office or employment;  or*
>
> *(2)  misuses government property, services, personnel, or any other thing of value belonging to the government that has come into the public servant's custody or possession by virtue of the public servant's office or employment.*

### 1.1.3  Duties of County Attorneys

The above is bolstered by the specifically stipulated duties of county attorneys by Texas Code of Criminal Procedure 2.20 which reads as follows:

> *Art. 2.02. DUTIES OF COUNTY ATTORNEYS. The county attorney shall attend the terms of court in his county below the grade of district court, and shall represent the State in all criminal cases under examination or prosecution in said county;  and in the absence of the district attorney he shall represent the State alone and, when requested, shall aid the district attorney in the prosecution of any case in behalf of the State in the district court.  He shall represent the State in cases he has prosecuted which are appealed.*

The court will take judicial notice that the above says nothing about civil representation of anyone.  Plaintiffs argue that, if the Legislature hand intended that county attorneys have the power to act in a civil capacity, as they did with district attorneys, they would have said so.

### 1.1.4  Intent to Defraud

It can be argued that Delia Garza exerted or purported to exert an authority she did not have and in the process acted with culpable intent do deny Plaintiffs in their Federal Constitutional right to the due course of the laws in violation of Texas Penal Code 39.03 which reads in pertinent part as follows:

> *Sec. 39.03.  OFFICIAL OPPRESSION*.  *(a)  A public servant acting under color of his office or employment commits an offense if he:*
>
> *(1)  intentionally subjects another to mistreatment or to arrest, detention, search, seizure, dispossession, assessment, or lien that he knows is unlawful;*
>
> *(2)  intentionally denies or impedes another in the exercise or enjoyment of any right, privilege, power, or immunity, knowing his conduct is unlawful;  or*
>
> *(3)  intentionally subjects another to sexual harassment.*
>
> *(b)  For purposes of this section, a public servant acts under color of his office or employment if he acts or purports to act in an official capacity or takes advantage of such actual or purported capacity.*
>
> *(c)  In this section, "sexual harassment" means unwelcome sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature, submission to which is made a term or condition of a person's exercise or enjoyment of any right, privilege, power, or immunity, either explicitly or implicitly.*
>
> *(d)  An offense under this section is a Class A misdemeanor, except that an offense is a felony of the third degree if the public servant acted with the intent to impair the accuracy of data reported to the Texas Education Agency through the Public Education Information Management System (PEIMS) described by Sections 48.008 and 48.009, Education Code, under a law requiring that reporting.*

### 1.1.5  Legal Counsel

Defendants, in their Opposition to Plaintiffs' Motion to Strike cite Tex. Civ. Prac. & Rem. Code § 102.004. DEFENSE COUNSEL which reads as follows:

> *Sec. 102.004.  DEFENSE COUNSEL.  (a)  A local government may provide legal counsel to represent a defendant for whom the local government may pay damages under this chapter.  The counsel provided by the local government may be the local government's*

*regularly employed counsel, unless there is a potential conflict of interest between the local government and the defendant, in which case the local government may employ other legal counsel to defend the suit.*

*(b)  Legal counsel provided under this section may settle the portion of a suit that may result in the payment of damages by the local government under this chapter.*

The court must construe that the Texas Legislature, in granting authority to criminal prosecutors were well aware that there would occur circumstances where government entities and officials would be in need of counsel.  If they had intended that counsel be the prosecuting attorney, the Legislature would have said so, instead, the Legislature referenced "legal counsel."

## 1.2    FAILED TO BRIEF

Defendants argue at paragraph 5 as follows:

*Plaintiffs do not present any authority for the proposition that the Travis County Attorney cannot represent the Travis County Defendants in this matter.  The failure to undertake the most minimal due diligence is a violation of the Federal Rules.  See Fed. R. Civ. P. 11(b).  At this time, the Travis County Defendants are not seeking sanctions under that Rule but reserve the right to do so if Plaintiffs file additional pleadings with no basis in fact or law to harass or increase the litigation costs and effort of the Travis County Defendants.*

Considering that Defendants cite only one case and an unpublished case at that, Plaintiffs are perplexed.

### 1.2.1  Easley v. Martin, 19 F.3d 15

I find it odd that, in a $485 million suit, on a motion that could effectively put Plaintiffs in a position to get default judgment, Defendants couldn't come up with something more than an unpublished case.  It is even more surprising that it is the only case cited by the Attorney General in their opposition, then they complain that Plaintiffs 25 page Motion to Strike is not briefed at all.

### 1.2.2  Practice

The Chief Justice of the Supreme, in his Motion to Dismiss,  accused Plaintiffs of filing a frivolous suit simply because I told my mayor I was practicing.  Well, it certainly seems Defendant's learned counsel could use a little practice.  Even for an ignorant pro se, their

opposition seems a little sparce.  Be that as it may, I consider myself warned by the following:

### 1.2.3  What is a Brief?

Easley v Martin starts with the following admonition to pro se litigants:

> *Although the Court liberally construes the briefs of pro se appellants, arguments must be briefed to be preserved. Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir.1988).*
>
> > *Appellee urges at the outset that appellant's brief waived the limitations issue because it lacks an argument as required by Rule 28(a)(4), Fed.R.App.P. The only reference appellant makes to the district court's dismissal of his lawsuit as time barred is to assert that "this action is not time barred." This fleeting reference points to the claimed error, but gives no analysis or authorities to support the assertion. Although we liberally construe the briefs of pro se appellants, Abdul-Alim Amin v. Universal Life Ins. Co., 706 F.2d 638, 640 n. 1 (5th Cir. 1983), we also require that arguments must be briefed to be preserved. In re Texas Mortgage S., Inc., 761 F.2d 1068, 1073-74 (5th Cir. 1985). If appellee had suggested any prejudice that resulted from appellant's inadequate brief, we would probably consider the limitations issue waived. But we are unable to perceive any prejudice to appellee from appellant's deficient brief. The sole issue in this case is whether the district court correctly dismissed appellant's lawsuit as time barred. No disputed facts cloud the resolution of this legal issue and appellee has fully addressed the issue. All that remains is to apply well-settled law to the facts. Under these unique circumstances, we decline appellee's invitation to hold that appellant's brief waived the limitations issue. Cf. FSLIC v. Haralson, 813 F.2d 370, 373 n. 3 (11th Cir. 1987) (refusing to apply waiver because appellee not misled or hampered in its ability to respond) Price v. Digital Equipment Corp., 846 F.2d 1026, 1027-28 (5th Cir. 1988)*
>
> *Generally, claims not argued in the body of the brief are abandoned on appeal, even if the appellant is proceeding pro se. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir.1993) (Court declined to incorporate arguments from other pleadings which would lengthen a 50-page brief).*
>
> > *Yohey has filed this appeal pro se. He requests, in part, the adoption of previously filed legal and factual arguments in his objections to the magistrate judge's report and in various state court pleadings. He specifically states that he will not repeat such claims. Yohey has abandoned these arguments by failing to argue them in the body of his brief. "Fed.R.App.P. 28(a)(4) requires that the appellant's argument contain the reasons he deserves the requested relief `with citation to the authorities, statutes and parts of the record relied on.'" Weaver v. Puckett, 896 F.2d 126, 128 (5th Cir.), cert. denied, 498 U.S. 966, 111 S.Ct. 427, 112 L.Ed.2d 411 (1990) (citations omitted). "Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir. 1988) (citations omitted). Also, Yohey's incorporation of arguments from other pleadings would lengthen a brief already at the 50-page limit. See Fed.R.App.P. 28(g). Therefore, only the issues presented and*

*argued in the brief are addressed. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)*

It is unclear to Plaintiffs how the above citation applies to the instant case. This case has yet to reach the appellate stage, although, even if it had, Plaintiffs, in their limited pro se capacity, attempted to construct the motion such that it would be complete in the facts and law sufficient to withstand appellate review.

### 1.2.4  Sufficiency of Motion

Defendants complain that Plaintiffs' Motion to Strike is insufficient at paragraph 5 as follows:

> *Plaintiffs do not present any authority for the proposition that the Travis County Attorney cannot represent the Travis County Defendants in this matter. The failure to undertake the most minimal due diligence is a violation of the Federal Rules. See Fed. R. Civ. P. 11(b).*

#### 1.2.4.1    Sufficiency of Pleadings Rules of Civil Procedure

Plaintiffs attempted to insure *(Plaintiffs are struggling to find a non-offensive pronoun here.)* complaints were sufficient in accordance with Federal Rule of Civil Procedure 8(a) which reads as follows:

> *(a) Claim for Relief. A pleading that states a claim for relief must contain:*
>
> *(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;*
>
> *(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and*
>
> *(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.*

#### 1.2.4.2    Checked Appellate Rules Just in Case

Plaintiffs attempted to construct the motion with sufficient law to give notice the ground sought for relief in accordance with Federal Rules of Appellate Procedure 27(a)(2) which reads follows:

> *(2)* Contents of a Motion.
>
> *(A)* Grounds and Relief Sought. *A motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it.*

*(B)* Accompanying Documents.

*(i) Any affidavit or other paper necessary to support a motion must be served and filed with the motion.*

*(ii) An affidavit must contain only factual information, not legal argument.*

*(iii) A motion seeking substantive relief must include a copy of the trial court's opinion or agency's decision as a separate exhibit.*

*(C)* Documents Barred or Not Required.

*(i) A separate brief supporting or responding to a motion must not be filed.*

*(ii) A notice of motion is not required.*

*(iii) A proposed order is not required.*

Plaintiffs realize they may have skirted the edge of the prohibition in 27(a)(2)(C)(i) above in an attempt at insuring sufficient particularity as concerns the grounds for the motion, the relief sought, and the legal argument necessary to support it.

### 1.2.1    Facts and Law

Plaintiff Kelton is a radio talk show host and does a show on legal reform where we mostly talks about how to hold your mind when before the court.  Over the years we have put together some instructive rule one of which is:

> *"Never make a proactive statement of law out of your own mouth.  Cite the code and case law in the document."*

It is not the intent of Plaintiffs to imply that the court is anything other than fully conversant in these cases and rules.  Plaintiffs are following another rule:

> *"Always write your motions and pleadings for a 13 year old on a jury who has no knowledge of law.   Omit nothing."*

Plaintiffs took great care in writing the motions and pleadings in this case in accordance with Plaintiff's rule concerning mental flow.

> *"Always try to anticipate the questions you will generate in the minds of your readers and be sure to address them either before or after they occur.  Never make a reference that is not cited inline, in the text so that the reader does not have to drop out of mental flow in order to go check your statutory references or citations for accuracy."*
>
> *"Put a heading on every paragraph and keep your arguments true to the headings."*
>
> *"Never use a term that has a special, or unusual meaning, without addressing the meaning immediately."*

Plaintiffs have attempted to write all motions and pleadings in consideration of Walker v. Packer, 827 S.W.2d 833 where the court opined as follows:

> *Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) ("A trial court, on the other hand, abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. King v. Guerra, 1 S.W.2d 373, 376 (Tex.Civ.App. — San Antonio 1927, writ ref'd); Bush v. Vela, 535 S.W.2d 803, 805 (Tex.Civ.App. — Corpus Christi 1976, mand. overr.).") as quoted from Johnson v. Fourth Court of Appeals, No. C-4100.  Walker v. Packer, 827 S.W.2d 833*

By the above, if the court is to properly apply the law to the facts, it is our job to insure we provide the court with said facts and law.  At the expense of space, Plaintiffs have attempted to stay true to the above rules.

### 1.3    FAILURE TO SPEAK WITH CANDOR TO THE COURT

Defendants assert Plaintiffs failed to "brief" their arguments as required by Fed. R. Civ. P. 11(b) as follows:

> *Plaintiffs do not present any authority for the proposition that the Travis County Attorney cannot represent the Travis County Defendants in this matter. The failure to undertake the most minimal due diligence is a violation of the Federal Rules. See Fed. R. Civ. P. 11(b).*

> *(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:*

> *(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;*

> *(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;*

### 1.3.1   Cost of Litigation

Defendants, by their bald and unsupported assertion at paragraph 5 seem to commit the very offense they allege against Plaintiffs.

> *(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;*

Plaintiffs filed then instant motion to strike Defendant's Rule 12 Motion to Dismiss alleging that Defendants, acting in concert and collusion with defense counsel,

misappropriated public funds.  Plaintiffs accused Defendants of engaging in an ongoing criminal enterprise which has had the effect of costing the taxpayers of Texas billions of dollars a year and Defendants act is the face of a clear prohibition in the Texas Constitution and Texas State law in an attempt to charge the same taxpayers for their defense.  This is beyond arrogance; this is hubris at its worst.

## 2   ARGUMENT WELL TAKEN

Defendants criticize Plaintiffs as follows:

> *It should further be noted that Plaintiffs misrepresent to the Court that the Travis County Attorney's Office filed motions to dismiss on behalf of Defendants "Lenn Carter, Robert Eller and Crystal Gill, Marc Bruner, Kenton Johnson, Barbara Boulware-Wells, Jeff Ulmann, were filed improperly as Scott M. Tschirhart, State Bar No. 24013655, attorney for Sunset Valley Defendants, as outside counsel hired by the city of Sunset Valley to represent Sunset Valley defendants, lacked standing to represent persons sued in their private capacity." (ECF No. 56 at 1-2). Not only does this statement not make any sense, but it is also clearly factually incorrect, as the Travis County Attorney's Office did not file any pleadings on behalf of these defendants, who are represented by private counsel, Scott M. Tschirhart, who has filed a separate response to the Motion to Strike on behalf of his clients. See ECF No. 59.*

Defendant's criticism is well taken.  Plaintiffs made a mistake.  The Sunset Valley defendants apparently recognized the typo and filed an answer on their behalf without complaint.  Plaintiffs make no claim against the Tarrant County Attorney concerning representation of the Sunset Valley defendants.

## 3   CONSLUSION

In light of Defendant's criticisms, Plaintiffs confess, we are only pro se litigants doing the best we can in a complex system.  Defendants, in dismissing Plaintiffs claims, out of hand, are a lot like Plaintiff Kelton's children.  My son has 2 PhDs and my daughter a masters in accounting.  They consider their Dad as old and from another generation. They are right. I am old and from a much older generation but I still remember some of life's lessons.

I personally remember approaching the Dresden, Tennessee courthouse with my twin and parents, where we were admonished not to use the toilet on the left side of the stairs as it was for "blacks only".

I remember walking barefoot for a mile down a dusty road to the neighbor's house, who had electricity, to listen to this marvelous talking box terrifying us with: "The Shadow Knows."

I remember milkmen and peddlers in horse drawn wagons, my father turning the crank on the next-door neighbor's telephone, as we didn't have one.

I remember how, at 10:30 every Tuesday, the sirens went off, and how we were required to get under the desks and put our heads between our legs.  I remember thinking: "While bent over this way, I may as well kiss my butt goodbye for as much protection this will give us in a nuclear attack."

I remember sitting in first year high school class looking at a black and white television showing a freighter pulling out from the Russian fleet in the Florida straights and seeing the battleship lowering its big guns down on the freighter thinking, "We are watching the world end."

I remember combat.  I remember holding my twin brother's hand in the 91st Field Evac Hospital, 19 miles south of Hanoi, as he died of gangrene from wounds he received fighting for these rights.

I remember these things and a lot more.

Somehow, the younger generation gets the notion that us old people somehow lose our mental capacity and forget all the lessons a long life has delivered.
Yes, I am old but that makes me no less relevant.  No, I am not a lawyer but I can read and have read.  I can think and divine.

I did not come here blind to the deplorable condition of the criminal justice system in Texas.  Neither did I come here seeking extra consideration or quarter.  I am hear in

accordance with the oath I swore before serving my time in hell.  I am still willing to pay whatever cost the right of things extract, as it will pail into insignificance before what our veterans have already paid.

Regardless of Defendants representations to the contrary, we are here doing the right thing for the right reasons.  As citizens in this republic, we do not ask, we demand, that our public officials follow our law without regard to whether they find it irritating or inconvenient.

The Texas Constitution, at Article III Section 53, specifically forbids the County from providing the benefit of civil representation by a county paid prosecutor, sued in the federal court on allegations of violations of the Federal Constitution and federal law.

### 4   PRAYER

Plaintiffs move this court to grant Plaintiff's motion to strike Defendants Rule 12 Motion as improperly filed.

Plaintiffs further move this court to rule that the improperly filed Rule 12 Motion did not toll the time limit for filing an answer in this case.

Plaintiffs further move this court to rule that Plaintiffs take default judgment for all claims against Defendants Garza and Drummond.

Respectfully Submitted

_____          _____
**Randall Kelton**                      **Kara Bell**

**Certificate of Service**

I certify that a copy of the above *DEFENDANTS TRAVIS COUNTY DISTRICT ATTORNEY JOSÉ GARZA AND ASSISTANT DISTRICT ATTORNEY ROB DRUMMOND'S RESPONSE TO PLAINTIFF'S [sic] MOTION TO STRIKE RULE 12 MOTION*, was filed online with the United States District Court, Western District of Texas, Austin Division on 10/4/23 and mailed by certified mail to the attorneys for Jose Garza and Rob Drummond:

Travis County Attorneys

Anthony Nelson & Patrick Pope

PO Box 1748

Austin, Texas 78767

*Via Certified Mail: 9589 0710 5270 0481 0426 40*

_____

Kara Bell

*Plaintiff*

United States District Court
Western District of Texas
Austin Division

| | | |
|---|---|---|
| Randall Kelton, Kara Bell | § | |
| Plaintiffs | § | |
| VERSUS | § | |
| Nordstrom Inc. (d.b.a. Nordstrom | § | CIVIL ACTION 1:23-cv-00395 |
| Rack), Et Al | § | |
| Defendants | § | |

## ORDER

It is hereby ordered that:

1. Defendants Garza and Drummond may not be represented by the Travis County Attorney.

   Granted ____        Denied____

2. The Rule 12 Motion, filed with this court by Defendants Garza and Drummond, has been improperly filed and, therefore, said motions are not properly before the court.

3. The improperly filed Rule 12 motion did not toll the time to file an answer.

4. Granted ____        Denied____

5. In as much as Defendants failed to timely file an answer to the instant case, Plaintiffs are hereby granted default judgment.

6. Granted ____        Denied____

7. All funds expended by any governmental entity toward the defense of Defendants Garza and Drummond, amounts to a misappropriation of public funds and Defendants are ordered to reimburse the state, county, or city for expenses incurred in the defense of defendants.

8. Granted ____        Denied____

_____
*Presiding Judge*

2023-10-2 Rebuttal to Opposition to Motion to Strike                    13 of 13