# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **RANDALL KELTON and KARA BELL,** *Plaintiffs* § § § | |
| v. § | Case No. 1:23-CV-00395-DII-SH |
| **NORDSTROM, INC. d/b/a** § **Nordstrom Rack, et al.,** § *Defendants* § | |

## ORDER

Now before the Court are Defendants Travis County Sheriff Sally Hernandez, Travis County District Attorney José Garza and Assistant Travis County District Attorney Rob Drummond's Opposed Motion to Abate Discovery (Dkt. 54), filed August 25, 2023. The District Court referred all pending and future nondispositive and dispositive motions in this case to this Magistrate Judge for disposition and report and recommendation, respectively, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 51.

### I. Background

Plaintiffs Randall Kelton and Kara Bell filed this civil rights lawsuit against Nordstrom Inc. and more than 20 individual defendants, including a Nordstrom employee, police officers, prosecutors, state judges, and various other local and state government officials. In their 153-page Second Amended Complaint, Plaintiffs assert constitutional violations, civil and criminal conspiracies, RICO violations, and violations of state law. Dkt. 5. Plaintiffs allege that Defendants violated their rights by failing to issue warrants based on criminal complaints drafted by Kelton; asking Kelton to wear a mask when he entered the Travis County Courthouse during the COVID-19 pandemic; failing to prosecute Nordstrom Security Officer Kelsie Fucci after she confronted

Bell in a Nordstrom Rack store about not wearing a mask; dismissing Bell's charges against Fucci; engaging in a civil conspiracy to violate Plaintiffs' rights; engaging in a criminal enterprise to violate Plaintiffs' rights; and denying Plaintiffs access to the courts.

Defendants have filed motions to dismiss. Dkts. 8-9, 11-15, 17-24. Relevant here, Defendants Travis County Sheriff Sally Hernandez, Travis County District Attorney José Garza, and Assistant Travis County District Attorney Rob Drummond's ("Travis County Defendants") ask the Court to dismiss Plaintiffs' lawsuit based on judicial immunity, prosecutorial immunity, qualified immunity, and failure to state a claim under Rule 12(b)(6). Dkts. 13, 19 and 20. The Travis County Defendants now move to abate all discovery pending the Court's ruling on their Motion to Dismiss.

## II.   Analysis

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Under Rule 26(c), a district court may stay discovery on a showing of good cause. Good cause exists "when the party from whom discovery is sought shows that it would suffer 'annoyance, embarrassment, oppression or undue burden or expense' absent a stay." *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 767 (W.D. Tex. 2008) (quoting FED. R. CIV. P. 26(c)(1)). The requirement of a showing of good cause to support the issuance of a protective order "indicates that the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (cleaned up).

The court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). For example, district courts properly defer discovery while deciding threshold issues of subject matter jurisdiction, such as whether defendants are proper parties to the action. *Id.* Stays of discovery also are justified pending resolution of certain immunity issues, such as whether a defendant is entitled to absolute, sovereign, or qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (stating that "discovery should not be allowed" until threshold qualified immunity question was resolved). The Supreme Court has made clear "that the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery.'" *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987)). Accordingly, the Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Id.* at 232.

The Travis County Defendants raise defenses of judicial, prosecutorial, and qualified immunity in their Motion to Dismiss. Because discovery should not be permitted until these threshold issues are resolved, Defendants have presented good cause to stay discovery. *See Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022) ("Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion. It may not permit discovery against the immunity-asserting defendants before it rules on their defense."), *petition for cert. filed*, 54 F.4th 307 (April 3, 2023) (No. 22-959); *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (stating that district court acted properly in staying discovery pending resolution of issues of absolute, qualified, and sovereign immunity); *Stamps v. Univ. of Texas at Austin*, No. 1:20-CV-01204-LY-SH, 2021 WL 5167296, at *4 (W.D. Tex. Nov. 4, 2021) (holding that

defendants presented good cause to stay discovery when they raised defenses of qualified immunity and sovereign immunity in motion to dismiss).

For these reasons, the Court **GRANTS** Travis County Defendants' Opposed Motion to Abate Discovery (Dkt. 54) until the District Court rules on the Travis County Defendants' Motion to Dismiss.

**SIGNED** on October 26, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE